# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ALLIANZ GLOBAL RISKS U.S. : Index No.: 103600/07
INSURANCE COMPANY, as subrogee of : Filed: MAR 16 2007
STAGE STORES, INC., :
: **SUMMONS WITH NOTICE**
            Plaintiff, :
: Plaintiff designates New York
   - against - : County as the place of trial
:
L'OREAL U.S.A., : The basis of venue is
: defendant's residence
            Defendant. : 575 Fifth Avenue
-----------------------------------------------------------------X New York, New York

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with the Summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken again you by default for the relief demanded herein.

Dated:  New York, New York
        March 16, 2007

                                        BUDD LARNER, P.C.

                            By:         _____
                                        Averim Stavsky
                                        Attorneys for Plaintiff
                                        Allianz Global Risks U.S. Insurance
                                        Company, as subrogee of
                                        Stage Stores, Inc.
                                        11 Penn Plaza, 5th Floor
                                        New York, New York 10001
                                        (212) 946-2798

                                            - and —

                                        Grotefeld & Denenberg, LLC
                                        21 E. Long Lake Road, Suite 200
                                        Bloomfield Hills, MI 48304
                                        (248) 549-3900

NEW YORK
COUNTY CLERK'S OFFICE

MAR 16 2007

NOT COMPARED
WITH COPY FILED

TO: L'Oreal U.S.A.
575 Fifth Avenue
New York, New York

Notice: The nature of this action is property damage.

The relief sought is judgment against the above mentioned defendant in the amount of $420,940.81 plus interest, costs and disbursements.

Upon your failure to appear, judgment will be taken against you by default for the sum of $420,940.81 with interest from March 30, 2005 and the costs and disbursements of this action.

Allianz-L'Oreal – Summons with Notice 022707.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
ALLIANZ GLOBAL RISKS U.S.                        :     Index No.: 103600/07
INSURANCE COMPANY, as subrogee of                :     Filed: MAR 16 2007
STAGE STORES, INC.,                              :
                                                 :
                               Plaintiff,        :     VERIFIED COMPLAINT
                                                 :
         - against -                             :
                                                 :
L'OREAL U.S.A.,                                  :
                                                 :
                               Defendant.        :
----------------------------------------------------------------X

Plaintiff, Allianz Global Risks U.S. Insurance Company ("Allianz"), as subrogee of Stage Stores, Inc., ("Stage Stores"), by and through their attorneys, Budd Larner, P.C. and Grotefeld and Denenberg, LLC, complaining of the defendant, L'Oreal U.S.A. ("L'Oreal"), alleges upon information and belief, as follows:

## PARTIES

1. Allianz was and is a California corporation with its principal place of business located in Burbank, California.

2. At all relevant times, Allianz was authorized to transact insurance business in the State of New York.

3. Stage Stores was and is a national retail department store and a foreign corporation authorized to conduct business in the State of New York.

4. L'Oreal was and is a New York corporation with its principal place of business located at 575 5th Avenue, New York, New York.

5. At all relevant times herein, L'Oreal was and is engaged in, inter alia, the business of manufacturing and selling cosmetics and perfume.

## RELEVANT FACTS

6. Prior to and on March 30, 2005, Stage Stores and L'Oreal entered into multiple contracts in which Stage Stores purchased perfume and other various items from L'Oreal.

7. On or about March 30, 2005, L'Oreal utilized U.S. Express, a private shipper, to transport a shipment of valuable perfume to Stage Stores.

8. By agreeing to ship the perfume to Stage Stores, L'Oreal had a duty to make certain that the perfume was shipped in a reasonable and acceptable manner to ensure that the value of the merchandise in transit was appropriately safeguarded and protected.

9. In connection with the subject shipment, L'Oreal carelessly completed the declared value portion of the Bill of Lading thereby limiting the value of the perfume shipped to $2.50/lb in the event the merchandise was lost or damaged.

10. The value of the subject perfume shipped by L'Oreal was far greater than $2.50/lb.

11. On March 30, 2005, while in transit, the shipment was stolen while the merchandise was in the care, custody and control of U.S. Express.

12. Allianz provided insurance to Stage Stores under Policy No. CLP3005984 (the "Policy") which included coverage for goods stolen in transit and other coverages.

13. Stage Stores submitted a claim to Allianz and pursuant to the terms of the Policy, Allianz paid Stage Stores the policy limits for the stolen perfume in the amount of $500,000.

14. In turn, Allianz submitted a claim to U.S. Express in the amount of $500,000, however, due to L'Oreal's carelessness in completing the Bill of Lading, Allianz's recovery was limited to $79,059.19.

15. As a direct and proximate result of L'Oreal's acts or omissions, Allianz has incurred damages in the total amount of $420,940.81.

16. Pursuant to the terms of the Policy and by operation of law, and to the extent that Allianz has made payment to Stage Stores as alleged above, Allianz is duly subrogated to the respective rights, claims and causes of action of Stage Stores against L'Oreal as alleged herein.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE

17. Allianz repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if the same were fully set forth at length herein.

18. On March 30, 2005, Stage Stores had an agreement with L'Oreal for the purchase and shipment of the subject perfume.

19. L'Oreal owed Stage Stores a duty to exercise reasonable care in ensuring that the merchandise was shipped in an appropriate manner.

20. L'Oreal breached its duty to Stage Stores by its negligent acts or omissions, including but not limited to, the following:

   a. Declaring an insufficient value in the Bill of Lading for the subject shipment without the consent, knowledge or authorization of Stage Stores;

   b. Declaring a value limitation of $2.50/lb in the Bill of Lading for the subject shipment that was not commensurate with the actual value of the shipment;

   c. Other acts or omissions which will be revealed during pre-trial discovery.

21. Allianz's damages were directly incurred as a result of L'Oreal's negligence without any negligence or want of due care on the part of plaintiff.

22. As a direct and proximate result of L'Oreal's negligence, Allianz incurred damages in the total amount of $420,940.81

### AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

23. Allianz repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if the same were fully set forth at length herein.

24. Pursuant to the express and/or implied terms of the contract between Stage Stores and L'Oreal, L'Oreal agreed to ship the subject merchandise in a reasonable and acceptable manner to ensure that the value of the merchandise in transit was appropriately safeguarded and protected.

25. L'Oreal breached the express and/or implied terms of the contract by shipping the merchandise in a careless and negligent manner.

26. L'Oreal breached the terms of its agreement with Stage Stores by its acts or omissions, including but not limited to, the following:

   a. Declaring an insufficient value in the Bill of Lading for the subject shipment without the consent, knowledge or authorization of Stage Stores;

   b. Declaring a value limitation of $2.50/lb in the Bill of Lading for the subject shipment that was not commensurate with the actual value of the shipment;

   c. Other acts or omissions which will be revealed during pre-trial discovery.

27. As a direct result of L'Oreal's breach of contract, Allianz incurred damages in the total amount of $420,940.81.

28. Allianz has made a demand for payment to L'Oreal, but no payment has been issued.

4

**WHEREFORE**, Plaintiff, Allianz Global Risks U.S. Insurance Company, as subrogee of Stage Stores, Inc., demands judgment against defendant, L'Oreal U.S.A., in the amount of $420,940.81 together with interest, costs, disbursements and reasonable attorneys' fees associated with the prosecution of this action, and any and other further relief the Court deems just and proper.

Dated: New York, New York
       March 16, 2007

                                      BUDD LARNER, P.C.

By: _____
     Averim Stavsky
     Attorneys for Plaintiff
     Allianz Global Risks U.S. Insurance
     Company, as subrogee of
     Stage Stores, Inc.
     11 Penn Plaza, 5th Floor
     New York, New York 10001
     (212) 946-2798

                - and –

Grotefeld & Denenberg, LLC
21 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
(248) 549-3900

Allianz-L'Oreal – Verified Complaint 030707.doc

## VERIFICATION

AVERIM STAVSKY, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am counsel to the law firm of Budd Larner, P.C., attorneys for the plaintiff, Allianz Global Risk U.S. Insurance Company, as subrogee of Stage Stores, Inc., in this action.

I have read the annexed Verified Complaint of plaintiff, and know the contents thereof. The same are true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief and, as to those matters, I believe them to be true.

The grounds for affirmant's knowledge and belief as to all matters therein stated are the office files maintained by Budd Larner, P.C. and communications had with the plaintiff and its representatives.

This verification is made by the undersigned pursuant to CPLR §3020 (3) and not by the plaintiff insofar as the plaintiff is a foreign corporation.

Dated:  New York, New York
        March 16, 2007

_____
AVERIM STAVSKY

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
───────────────────────────────────X
ALLIANZ GLOBAL RISKS U.S.                    Index No. 103600/2007
INSURANCE COMPANY, as subrogee of
STAGE STORES, INC.

      Plaintiff,

  – against –                                       **VERIFIED ANSWER**
                  **TO COMPLAINT**

L'OREAL U.S.A.,

      Defendant.
───────────────────────────────────X

  Defendant, L'Oréal USA, Inc. (incorrectly named as L'Oreal U.S.A. in the verified complaint), by and through its attorneys, Pezold, Smith, Hirschmann & Selvaggio, LLC, answering the verified complaint, respectfully states:

## **PARTIES**

  1. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint.

  2. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint.

  3. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint.

  4. Defendant denies that it is a New York corporation as alleged in this paragraph of the complaint. Defendant admits that it is a Delaware corporation with its principal place of business located at 575 Fifth Avenue, New York, New York.

  5. Defendant admits the allegations of this paragraph of the complaint.

**RELEVANT FACTS**

6. Defendant admits the allegations of this paragraph of the complaint.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

8. Defendant denies the allegations of this paragraph of the complaint.

9. Defendant denies the allegations of this paragraph of the complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

15. Defendant denies the allegations of this paragraph of the complaint.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE

17. Defendant repeats and realleges its answers in the above paragraphs 1 through 16, inclusive, as though fully set forth at length herein.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph of the complaint; therefore all allegations of this paragraph of the complaint are deemed denied.

19. Defendant denies the allegations of this paragraph of the complaint.

20. Defendant denies the allegations of this paragraph of the complaint.

21. Defendant denies the allegations of this paragraph of the complaint.

22. Defendant denies the allegations of this paragraph of the complaint.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

23. Defendant repeats and realleges its answers in the above paragraphs 1 through 22, inclusive, as though fully set forth at length herein.

24. Defendant denies the allegations of this paragraph of the complaint.

25. Defendant denies the allegations of this paragraph of the complaint.

26. Defendant denies the allegations of this paragraph of the complaint.

27. Defendant denies the allegations of this paragraph of the complaint.

28. Defendant admits that has made no payment to Plaintiff; Defendant denies all remaining allegations of this paragraph of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiff has received full payment for the obligation sued upon.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. The obligation sued upon has been satisfied by accord and satisfaction.

**WHEREFORE**, Defendant respectfully demands entry of judgment against the Plaintiff dismissing the complaint in the above-entitled action, together with costs, reasonable attorneys' fees, and disbursements of the above-entitled action, and such other and further relief as this Court may deem appropriate.

Dated: Huntington, New York  
April 9, 2007

PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC  
*Attorneys for Defendant L'OrealUSA, Inc.*

Raymond A. Selvaggio

120 Main Street  
Huntington, New York 11743  
Tel. (631) 427-0100

4

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      )   ss.:
COUNTY OF SUFFOLK     )

The undersigned, an attorney duly licensed to practice law before the Courts of the State of New York, hereby affirms the following under penalty of perjury:

Affirmant is the attorney for the Defendant, L'Oréal USA, Inc., in the instant action; that he has read the foregoing Verified Answer to Complaint and knows the contents therein to be true, except as to those matters stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true. Affirmant's belief as to all matters not stated upon his knowledge are based on conversations with and records of Defendant.

This Verification is made by affirmant and not by the Defendant because Defendant does not maintain its place of business, office or residence within the county which affirmant maintains his office.

Dated: Huntington, New York
       April 9, 2007

*Raymond A. Selvaggio* (signature)
Raymond A. Selvaggio

PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
120 Main Street
Huntington, New York 11743
Tel. (631) 427-0100

UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X

ALLIANZ GLOBAL RISKS U.S.       Civil Action No. _____
INSURANCE COMPANY, as subrogee of
STAGE STORES, INC.

               Plaintiff,

    – against –                 **AFFIRMATION OF SERVICE**

L'OREAL U.S.A.,

               Defendant.
———————————————————X

     I, Raymond A. Selvaggio, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

     On this 11th day of April 2007, I served a true and correct copy of the **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** and this affirmation by depositing said documents in the United States Mail, properly addressed and with sufficient postage affixed thereto to ensure first class mail delivery to the following:

Averim Stavsky                              Melinda A. Davis
BUDD LARNER, P.C.                    GOTEFELD & DENENBERG, L.L.C.
11 Penn Plaza, 5th Floor                 21 E. Long Lake Road, Suite 200
New York, New York 10001           Bloomfield Hills, MI 48304
*Attorneys for Plaintiff*                   *Attorneys for Plaintiff*

                                                 */s/ Raymond A. Selvaggio*
                                                 Raymond A. Selvaggio (RS-6015)
                                                 PEZOLD, SMITH, HIRSCHMANN
                                                           & SELVAGGIO, LLC
                                                 120 Main Street
                                                Huntington, NY 11743
                                                Tel. (631) 427-0100

UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X

ALLIANZ GLOBAL RISKS U.S.
INSURANCE COMPANY, as subrogee of
STAGE STORES, INC.

              Plaintiff,

   – against –

L'OREAL U.S.A.,

              Defendant.
———————————————————X

Civil Action No. _____

**AFFIRMATION OF SERVICE**

    I, Raymond A. Selvaggio, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

    On this 11th day of April 2007, I served a true and correct copy of the **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** and this affirmation by depositing said documents in the United States Mail, properly addressed and with sufficient postage affixed thereto to ensure first class mail delivery to the following:

Averim Stavsky
BUDD LARNER, P.C.
11 Penn Plaza, 5th Floor
New York, New York 10001
*Attorneys for Plaintiff*

Melinda A. Davis
GOTEFELD & DENENBERG, L.L.C.
21 E. Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
*Attorneys for Plaintiff*

Raymond A. Selvaggio (RS-6015)
PEZOLD, SMITH, HIRSCHMANN
    & SELVAGGIO, LLC
120 Main Street
Huntington, NY 11743
Tel. (631) 427-0100